IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANDACE SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-1621 |
| | § | |
| CITY OF HOUSTON, | § | |
| HOUSTON PUBLIC LIBRARY | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND ORDER RESETTING CONFERENCE

Pending is Defendant City of Houston's[1] Rule 12(b)(4) and (5) Motion to Dismiss (Document No. 4), to which *pro se* Plaintiff Candace Scott has filed no response in opposition.

The City asserts that Plaintiff improperly served it by failing to serve the appropriate agent for service, and by failing to name an appropriate agent for service either in her complaint or in the summons.[2] "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." Aetna Bus. Credit, Inc. v. Univ'l Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981). Plaintiff has made no effort to establish that she validly served the City, and

---

[1] The City asserts that it is the "proper but not named party." Document No. 4 at 2.

[2] *See* Document No. 4 at 2-3.

a review of the record demonstrates that both process and service of process are deficient. The City is named improperly on the summons as "City of Houston Public Library" rather than City of Houston,[3] and the United States Marshals Service mailed the summons and complaint to the "City of Houston Public Library" by certified mail.[4] This does not comport with Federal Rule of Civil Procedure 4(j), which provides that a "state, a municipal corporation, or any other state-created governmental organization" must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." FED. R. CIV. P. 4(j)(2). Under Texas law, "[i]n a suit against an incorporated city, town, or village, citation may be served on the mayor, clerk, secretary, or treasurer." TEX. CIV. PRAC. REM. CODE ANN. § 17.024(b) (West 2008).

When process or the manner of its service is insufficient, "federal courts have broad discretion to dismiss the action or to retain the case but quash the service . . . ." 5B CHARLES ALAN WRIGHT

---

[3] Plaintiff's complaint also incorrectly names "City of Houston, Houston Public Library" as the defendant. The Houston Public Library is not a legal entity that can be sued; instead, Plaintiff must sue the City of Houston. Cf. Granger v. Houston Police Dep't, No. 4:10-2698, 2010 WL 4366397, at *2 (S.D. Tex. Oct. 26, 2010) (Houston Police Department is not a legal entity that can be sued; plaintiff instead "must sue . . . the City of Houston").

[4] Document No. 3 at 1.

ET AL., FEDERAL PRACTICE AND PROCEDURE § 1354, at 348 (3d ed. 2004); *see also* Montalbano v. Easco Hand Tools, 766 F.2d 737, 740 (2d Cir. 1985). Likewise, although Rule 4(m) provides for dismissal of an action against a defendant who has not been properly served within 120 days after the filing of the complaint, the court may enlarge the time for service even absent a showing of good cause. FED. R. CIV. P. 4(m); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).

As the City has made no substantial showing of prejudice, the Court will quash Plaintiff Candace Scott's putative service and permit her to attempt service again. First, however, Plaintiff must name the proper party to the lawsuit in her complaint. *See* Granger, 2010 WL 4366397, at *2 (permitting plaintiffs to amend pleadings to name proper party before attempting service again).

Accordingly, it is

ORDERED that the summons and return of service are QUASHED, and Plaintiff Candace Scott, if she desires to prosecute this case, shall amend her pleadings to name the proper party, the City of Houston, and shall thereafter serve the City with summons and a copy of the amended complaint in accordance with Federal Rule of Civil Procedure 4 within thirty (30) days after the date of this Order. **Failure to do so may result in dismissal of this case.** It is further

ORDERED that the Initial Scheduling Conference currently set for Friday, November 12 at 2:30 p.m. is RESET as follows:

Date: *January 14, 2011*
Time: *3:15 p.m.*

*Chambers - Room 11521*
*U.S. Courthouse & Federal Building*
*515 Rusk Avenue*
*Houston, Texas 77002*

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 10TH day of November, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4